COOKS, Judge.
Defendant, Jimmie Lee Watson, Sr., was charged with distributing cocaine in violation of La.R.S. 40:967(A)(1) by grand jury indictment. He was found guilty on May 21, 1991. Defendant then filed motions for a new trial and for post verdict judgment. The State also filed an habitual offender bill against the defendant. Prior to hearing on the motions and bill, defendant’s court-appointed trial attorney was replaced by another counsel. Defendant’s motions and the State’s bill were both heard on December 12, 1991. At conclusion of the hearing, defendant’s motions were denied; he was adjudged a second felony offender; and he was sentenced to serve fifteen (15) *1200 years at hard labor, without benefit of probation or suspension of sentence.
Defendant's counsel filed six assignments of error on original appeal; but she later submitted in brief there are no non-frivolous assignments of error. She requested we review the record for patent errors and release her as defendant’s counsel on appeal. Therefore, we examined the appeal for errors patent as mandated by Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We found no errors patent.
We then notified defendant of our determination and provided him with an opportunity to respond Pro Se. Subsequently, he filed a brief later accompanied by two supplemental briefs specifying what we have determined to be essentially twenty-nine (29) errors, including seventeen (17) allegations of ineffective assistance of counsel against his attorneys. He did not assign numbers to the alleged errors and various other contentions made in briefs. However, we have attempted to assort the assignments and contentions numerically for clarity in our treatment of the issues posed.
FACTS
The Sulphur Police Department employed Mr. Garfield Baker, experienced in undercover narcotics operations, to assist in ferreting out dealers in the area. Sul-phur Police Lieutenant Andrus and Officer Craddock were assigned to work with Baker and to retrieve evidence on completion of any drug transaction. Baker equipped his vehicle with a hidden camera and microphone.
On May 11, 1990, Baker proceeded down Fowler Street in Sulphur when he noticed defendant walking down the street and asked him where to purchase crack cocaine. Defendant entered Baker’s vehicle, directed him to drive to a certain area in town, and accepted Twenty Dollars ($20.00) tendered by Baker to purchase crack cocaine. He exited the vehicle and returned wrapping the cocaine in a piece of plastic before placing it in Baker’s car ashtray. Agent Baker proceeded to a rendezvous location where Lt. Andrus retrieved the drugs which were later identified by laboratory analysis as Seven One Hundredths of a gram (.07gm) of cocaine. The entire transaction was videoed and audioed.
PRE-TRIAL AND TRIAL ERRORS

Assignments of Error Numbers 1, 2, 3, If, 5 and 6

We have carefully considered defendant’s contentions (1) that the initial police report was altered and he was improperly denied a copy of the report; (2) that the trial minutes were altered; (3) that the videotape of the transaction was altered; (4) that a contradiction exists in the testimony of Agent Baker; (5) that Lt. Andrus had not met him prior to the offense date and thus could not positively identify him; and (6) that the cocaine used as evidence was tampered. None of these contentions are sufficient to warrant lengthy discussion. Defendant failed to present any proof that the initial police report, court minutes, video recording of the transaction or the quantity of cocaine were tampered with or altered.
We also have determined that defendant was not denied a copy of the initial police report which was examined by him as early as February 1991, and in the possession of his trial attorney shortly after a copy was requested.
His allegations striking at the weight to be placed on the identification testimony of Lt. Andrus and alleged contradictions in Agent Baker’s testimony are not persuasive. The jury had the opportunity to hear and evaluate the testimony of Lt. Andrus and Agent Baker. Credibility of a witness is within the province of the fact finder. State v. Castille, 590 So.2d 755 (La.App. 3rd Cir.1991), writ denied 597 So.2d 1025 (La.1992). The jury apparently believed the testimony of the State’s witnesses.

Assignment of Error Number 7

Defendant urges that the State’s answers to his bill of particulars were apparently inadequate to apprise him of the offense location. The record does not contain any pre-trial motion filed by defendant al *1201 leging insufficiency in the State’s response thereby alerting the trial court to the particular deficiency he now complains of on appeal.
The State responded to defendant’s request for information concerning the place of the offense by stating:
“[The] offense occurred in a vehicle in Sulphur, Louisiana between 6:04 p.m. and 6:16 p.m.”
After reviewing the trial transcript and other documents in evidence, we are convinced defendant was not prejudiced by the State’s response. He possessed full knowledge of the location of the crime.

Assignment of Error Number 8

Defendant contends Officer Craddock was improperly allowed to testify during trial while using a note pad. He offers no proof of this occurrence in brief; and we are unable to corroborate the allegation from the record.

Assignment of Error Number 9

Defendant asserts Agent Baker specifically testified he did not distribute cocaine. We find no support for his interpretation of the testimony. Agent Baker described in detail defendant’s conduct during the transaction which included the actual physical delivery of cocaine by him to the agent by placement in the agent’s vehicle ashtray. This overt activity was sufficient to constitute the offense of distribution of cocaine as defined in La.R.S. 40:961(13).

Assignment of Error Number 10

Defendant contends he was prohibited at trial from testifying in his own defense.
Defendant urged at the hearing on his motion for new trial that his counsel coerced him into not testifying on his own behalf. At the motion hearing, his attorney stated:
“I leaned over to Mr. Watson, I said, ‘Jimmie, do you want to testify or not?’ He says, ‘what do you think?’ I said, ‘Jimmie, I don’t think that you can add anything to the case or to your defense. I don’t think that you should testify.’ And he said, ‘Whatever you think we ought to do that’s what we’re going to do.’ I said, ‘Well, that’s fine.’
And I announced that we rest and did not put on evidence in defense.
Q At that point, Mr. Ware, if Mr. Watson had told you, ‘I want to testify,’ what would have occurred?
A I would have called him to the stand and let him testify.”
Although defendant expressed a desire to testify in the initial phase of the trial proceedings, he was later advised by counsel that his testimony would not aid his defense. We find no evidence suggesting defendant was coerced or otherwise forced to abandon his right to testify at trial. Contrarily, the record demonstrates the advise given by his trial attorney was sound and knowingly accepted by defendant. Counsel’s decision not to call defendant to testify should not be second guessed on appeal when it appears to be a valid trial strategy. State v. Bennett, 517 So.2d 1115 (La.App. 1st Cir.1987), writ denied 523 So.2d 1335 (La.1988). Further, counsel’s assistance is not deemed ineffective when an election is made not to call a witness absent a clear and convincing showing that the witness would have refuted the overwhelming evidence presented. State v. Monroe, 513 So.2d 323 (La.App. 4th Cir.1987).

Assignment of Error Number 11

Defendant contends he was denied access to vital medical records showing his hearing deficiency and the services of a trial translator.
First, there is no evidence in the record substantiating defendant’s claim that he requested and was denied access to these medical records. While defendant alleges he made a request for a translator on April 22, 1991, we are unable to find “proof” of his claim. Moreover, he has failed to demonstrate any prejudice from the absence of a translator at trial because he admits an inability to read sign language.
Second, defendant has the burden of proving by a preponderance of the evidence *1202 that he lacks the capacity to understand the proceedings against him or to assist in his defense. State v. Rogers, 419 So.2d 840 (La.1982).
Although defendant’s counsel revealed to the court “[Defendant] has a hearing problem,” he did not make any request for special assistance during trial. At the post-trial hearing, defendant admitted he was only slightly deaf in one ear. His trial counsel acknowledged defendant was “fully aware of what was going on during the trial and the general content of the testimony.” Defendant has not carried his eviden-tiary burden, and we do not find any evidence in the record remotely indicating he was substantially impaired during the trial.

Assignment of Error Number 12

Defendant contends he was tried on a possession of cocaine charge without ever being billed or indicted for this offense. We disagree.
Confusion apparently arose as a consequence of a pretrial notice given to defendant which cited two charges: (1) distribution of cocaine, and (2) possession of cocaine. Defendant was actually indicted only on the distribution of cocaine charge. During the trial, defendant was fully advised by the court that he was only on trial for distribution of cocaine and his trial counsel acknowledged the earlier clerical error was “of no consequence.” Likewise, we are unable to envision any harm caused defendant by this obvious error.

Assignment of Error Number 13

Defendant urges the trial court improperly dismissed his request for preliminary examination. We find this alleged error equally without merit.
Defendant was indicted by grand jury on December 12, 1990, and his motion for preliminary examination was dismissed on December 14, 1990. We note defendant failed to file a pre-trial application with this court seeking supervisory review of the trial court’s action.
Louisiana Code of Criminal Procedure Article 292 grants a trial judge discretionary authority following grand jury indictment to permit or rescind a motion for preliminary examination. Moreover, Louisiana Code of Criminal Procedure Article 296 limits the scope of the preliminary examination once indictment is issued to preparation of testimony and fixing of bail.
We find no abuse of the trial judge’s authority and defendant has not claimed any specific prejudice from the dismissal.
HABITUAL OFFENDER ERRORS

Assignment of Error Number 14

Defendant contends a discrepancy exists regarding the date he was sentenced as an habitual offender.
A deputy clerk of court for the Fourteenth Judicial District addressed a letter to the local office of Probation and Parole. This correspondence incorrectly reflects defendant was adjudged an habitual offender on December 10, 1991 rather than the actual date of this determination on December 12, 1991. The correct date is found in the court minutes and the transcript of the habitual offender hearing.
Defendant has not alleged or demonstrated any prejudice of his substantive rights from this error as required by Louisiana Code of Criminal Procedure, Article 921.

Assignments of Error Numbers 15, 16, 17, 18 and 19

Defendant makes in briefs numerous shotgun allegations of other error relating to the habitual offender charge and hearing. He urges (15) that the trial court improperly scheduled the habitual offender hearing on the date it was filed; (16) that he is not the same person charged in the habitual offender bill; (17) that the court erred in permitting the introduction of fingerprint comparison evidence; (18) that he was not informed of his constitutional rights during the hearing; and (19) that the court minutes incorrectly reflect announcement by the prosecutor on May 21, 1991 of the State’s intent to file an habitual offender bill against defendant. We have pains *1203 takingly examined the record for evidence substantiating defendant’s claims; however, we have been unsuccessful in our endeavor.
The habitual offender hearing was heard thirty-five (35) days after the bill was filed; and the court’s minutes do contain an expression by the prosecutor of his intent to file an habitual offender bill against defendant. We find these allegations factually incorrect.
Regarding defendant’s claim of mistaken identity because of a birthdate error in the habitual offender bill, we find no substantive error or prejudice to defendant. The habitual offender statute does not contain any special form requirement for the State’s bill. Further, Louisiana Code of Criminal Procedure, Article 465(B) outlining appropriate forms for various offenses clearly states that additional facts not necessary to validly charge an offense shall not affect the sufficiency of the indictment. Ample evidence exists confirming defendant’s identity including pen pack documents, fingerprint comparisons, and expert testimony. We believe it was entirely proper and consistent with existing jurisprudence for the trial judge to admit fingerprint comparison evidence at the hearing. State v. House, 320 So.2d 181 (La.1975).
Finally, we find defendant’s constitutional right against self incrimination at the hearing was ■ not violated. La.R.S. 15:529.1 requires that the defendant either admit the truth of the allegations contained in the habitual offender bill or contest the allegations through contradictory hearing. If defendant wishes to acknowledge the prior offenses, he must be duly cautioned as to his rights before making such statement.
Defendant chose to remain mute through the entire process. He was not compelled at any stage of the proceedings to abandon his right of silence nor did he express any desire to speak on his own behalf.
We conclude these complaints are all without merit.

Assignment of Error Number 20

Defendant contends the trial court erred in allowing the State to use previous convictions as the basis for the multiple offender bill.
The State introduce a pen packet containing a copy of the court minutes on April 7, 1987 and showing defendant pled guilty to several offenses, including the charge of receiving stolen things. The minutes further reflect defendant discussed with his attorney and signed a waiver of rights form on the previous charges. The court fully examined defendant regarding his knowledge of the rights contained in the form and the voluntary nature of his desire to waive these rights. Defendant failed to contemporaneously object to the evidence based on the alleged defect. Therefore, the error was not preserved for appellate review. State v. Everett, 530 So.2d 615 (La.App. 3rd Cir.1988), writ denied 536 So.2d 1233 (La.1989). However, we find the record sufficient to establish defendant knowingly and voluntarily waived his right.

Assignment of Error Number 21

Defendant contends the court misinterpreted the sentencing range during the habitual offender hearing. He does not allege any specific error by the court or that his sentence is excessive.
Defendant was convicted of distribution of cocaine, a violation of La.R.S. 40:967 A. The penalty for this offense is contained in section 40:967 B(l) as requiring imprisonment at hard labor for not less than five (5) years and not more than thirty (30) years and a fine of not more than Fifteen Thousand ($15,000) dollars. Cocaine is properly classified as a narcotic for penalty purposes. State v. Bonanno, 384 So.2d 355 (La.1980).
As a second felony offender, La.R.S. 15:529.1A(1) states:
“(1) If the second felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then the sentence to imprisonment shall be for a determinate term not less than one-half *1204 the longest term and not more than twice the longest term prescribed for a first conviction; ...”
Section G of La.R.S. 15:529.1 states that “any sentence imposed under the provisions of this Section shall be without benefit of probation or suspension of sentence.”
The maximum sentence the defendant could have received was sixty (60) years, without probation or suspension of sentence, and a fifteen thousand dollar fine. The sentence received by the defendant is within the allowable sentencing range and complies with the provisions of La.R.S. 15:529.1. Therefore, this contention is without merit.
POST CONVICTION ERRORS

Assignment of Error Number 22

Defendant contends the trial court violated his attorney/client privilege by allowing his trial attorney to testify at the hearing on his motion for new trial.
As reflected in briefs filed on appeal and at the post trial hearing, defendant made multiple allegations against his attorney including the failure to file motions, call witnesses, and suppressing defendant’s right to testify at trial.
We find no error in the trial judge’s decision to release defendant’s trial attorney from the attorney/client privilege insofar as it was necessary to defend the allegations assailed against him by defendant.
In the case of State v. Green, 493 So.2d 1178, 1182 (La.1986), the Louisiana Supreme Court stated the following:
“In the area of attorney-client privilege, lawyers should be guided by the Ethical Considerations and Disciplinary Rules of the Louisiana State Bar Associations’s Code of Professional Responsibility (see Title 37, Chapter 4 — Appendix, of the Revised Statutes), specifically Article XVI of the Articles of Incorporation of the Louisiana State Bar Association; visa-vis their rights and obligations as regards client communications, information or actions.”
Louisiana State Bar Association, Article XVI, Rule 1.6 provides confidentiality of information between the attorney and client:
“(a) A lawyer shall not reveal information relating to representation of a client unless the client consents after consultation, except for disclosures that are impliedly authorized in order to carry out the representation, and except as stated in Paragraph (b).
(b) A lawyer may reveal such information to the extent the lawyer reasonably believes necessary:
(1) To prevent the client from committing a criminal act that the lawyer believes is likely to result in imminent death or substantial bodily harm; or
(2) To establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client, to establish a defense to a criminal charge or civil claim against the lawyer based upon conduct in which the client was involved, or to respond to allegations in any proceeding concerning the lawyer’s representation of the client. ” (emphasis added).
A lawyer’s right to defend against such scurrilous allegations primes defendant’s attempt to hide behind a privilege which was not created nor intended to grant him unfettered liberty to attack the professional competency of his attorney.

Assignments of Error Numbers 23, 24, 25, 26 and 27

Defendant asserts various other post trial errors urging (23-24) that the court minutes incorrectly state he appeared with and requested release of his court-appointed trial attorney; (25) that his conviction by less than a unanimous jury was unconstitutional; (26) that the jury should have been present during his sentencing hearing; and (27) that the trial court erred in failing to order the production of certain medical records at his post-trial hearing. Likewise, we find these assigned errors lack merit.
Defendant’s allegations are either factually incorrect or legally unsupported. His contention attacking the absence of a unanimous jury verdict as being unconstitution *1205 al has been considered and rejected by the Louisiana Supreme Court in State v. Edwards, 420 So.2d 663 (La.1982). His reliance on Louisiana Code of Criminal Procedure, Article 905.1 as support for his contention that a jury was required to be present at his sentencing is misplaced. This provision applies only to sentencing in capital cases.

Assignment of Error Number 28

Finally, defendant complains that the trial court failed to comply with instructions from this court regarding defendant’s case. The defendant claims no prejudice as a result of this alleged failure.
On August 30, 1991, this court issued an order instructing the trial court to act on the defendant’s application for post-conviction relief. State v. Jimmie Lee Watson, Sr., an unpublished writ bearing docket number K91-927, August 30, 1991. The order was in response to a pro se filing by defendant with the Louisiana Supreme Court, asking for a copy of the trial transcript and alleging various trial errors.
In response to this court’s order, the trial court denied the defendant’s transcript request on the merits and ordered that the defendant be provided with a copy of the Uniform Application for Post-Conviction Relief. Thus, the trial court did act pursuant to the court’s order.
The trial court proceeded to grant a hearing on defendant’s Motion for New Trial and Motion for Post-Judgment Verdict of Acquittal. All of the claimed errors raised in defendant’s filing with the Supreme Court were fully argued during the hearing; and they are being urged again on this appeal.
Defendant has not demonstrated the trial court failed to comply with the August 30, 1991 order of this court or he suffered any prejudice as a consequence of the alleged failure. This contention is without merit.
INADEQUATE AND INEFFECTIVE REPRESENTATION ERRORS

Assignment of Error Number 29

Defendant lodged seventeen (17) assignments of ineffective and inadequate assistance of counsel against his attorneys.
A claim for ineffective assistance of counsel is properly raised in an application for post-conviction relief. State v. Burkhalter, 428 So.2d 449 (La.1983). This enables the district judge to order a full evidentiary hearing on the matter. State v. Seiss, 428 So.2d 444 (La.1983). However, where the record contains evidence sufficient to decide the issue, the appellate court may make a determination without remand for an evidentiary hearing. We find the record contains sufficient evidence to allow immediate review of defendant’s contentions on this appeal.
The right of a defendant in a criminal proceeding to effective assistance of counsel is constitutionally mandated by the Sixth Amendment to the United States Constitution. In order to prove that counsel was ineffective, the defendant must meet a two-prong test. First, the defendant must show that counsel’s performance was deficient. Second, the defendant must show that this deficiency prejudiced the outcome of the trial. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Brooks, 505 So.2d 714 (La.1987), cert. denied, 484 U.S. 947, 108 S.Ct. 337, 98 L.Ed.2d 363 (1987). In doing so, he must demonstrate his defense attorney failed to meet the level of competency normally demanded of attorneys in criminal cases. State ex rel. Graffagnino v. King, 436 So.2d 559 (La.1983); State v. Fickes, 497 So.2d 392 (La.App. 3 Cir.1986), writ denied, 515 So.2d 1105 (La.1987).
The United States Supreme Court has held the benchmark for judging a charge of ineffectiveness is whether the attorney’s conduct so undermined the proper functioning of the adversarial process that the trial cannot be considered to have produced a just result. United States v. Cronic, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984); Strickland, supra.

TRIAL COUNSEL

1.
Defendant first contends his trial counsel should have objected to the State’s answer, *1206 in the bill of particulars, as being deficient in describing the location of the offense. The defendant does not claim that he was prejudiced by his attorney’s alleged failure to obtain this information. Defendant’s attorney subsequently obtained additional information concerning the location of the offense through a discovery request. This contention lacks merit.
2.
Defendant contends that his attorney did not “attempt to follow up” on his case after trial by filing a motion for new trial. Again, defendant claims no prejudice as a result of this alleged failure.
The defendant requested his trial attorney be relieved as his attorney on September 20, 1991, and the court granted the request. A second court appointed attorney represented the defendant at the motion for new trial and motion for post-verdict judgment of acquittal, which were fully heard and denied by the trial court.
3.
Defendant contends his attorney failed to question Lt. Andrus concerning possible alteration of an incriminating videotape. There was no evidence that the videotape was altered. The defendant admitted at his motion hearing that the videotape does show him in the vehicle with the undercover agent, but the defendant maintains that the audio portion of the tape “is not his voice.” Later in the hearing, the defendant asserted that there was a “latent defect” in the tape.
Defendant has not alleged facts indicating his attorney’s conduct was deficient regarding introduction of the videotape into evidence. This contention is without merit.
4.
Defendant contends the attorney failed to question Lt. Andrus concerning the officer’s identification of the defendant at the crime scene.
Given positive identification of the defendant by Lt. Andrus on direct examination and defendant’s prior criminal activity in the Sulphur area, it was valid trial strategy not to pursue a line of questioning with Lt. Andrus which would have placed the defendant’s criminal record before the jury. An attack on Lt. Andrus’ identification would have been both damaging and pointless, particularly considering the corroborating identification of the defendant by Officer Craddock and the undercover agent, Baker. This contention is without merit.
5.
Defendant contends that his attorney failed to object when Officer Craddock used notes while testifying. As previously discussed, there is no evidence in the record showing Officer Craddock utilized notes during his testimony.
6.
Defendant contends that the attorney failed to question Lt. Andrus concerning the location where Agent Baker first encountered the defendant. He asserts the testimony of Lt. Andrus and Agent Baker are in conflict on this location. Lt. Andrus testified Agent Baker’s vehicle “traveled down Fowler Drive,” while Agent Baker testified he was not sure of the location where he first picked up the defendant.
There is no conflict in the testimony concerning the location where Agent Baker first picked up the defendant. Lt. Andrus gave the location as Fowler Drive while Agent Baker could not recall the exact location. Officer Craddock gave the location as “the area of Fowler Drive.” The defendant has demonstrated no deficiency in his attorney’s performance regarding this line of questioning. In addition, the defendant has demonstrated no prejudice as a result of the testimony or his attorney’s failure to pursue the matter further. This contention is without merit.
7.
Defendant contends that his attorney did not inform him that counsel had received an answer to the defense’s request for a bill of particulars. The defendant fails to claim any prejudice from this alleged failure.
He was fully informed concerning the. nature of the charges filed by the State. He was allowed to view the videotape prior *1207 to trial. His Attorney brought the offense report to the jail and discussed it with him.
Defendant has produced no evidence to prove that he was denied any information contained in the bill of particulars, or that he suffered any prejudice as a result of counsel’s alleged failure to review the State’s answer with the defendant. Accordingly, this contention is without merit.
8.
Defendant contends his attorney refused to question Lt. Andrus concerning police handling of the cocaine introduced into evidence at his trial. Defendant stipulated to the chain of custody regarding this evidence. The defendant now simply states Lt. Andrus testified that the cocaine was “re-wrapped” by the crime laboratory and his attorney should have questioned this activity.
There was no valid reason to pursue such a line of examination. The cocaine, wrapped in plastic by defendant, was sent to the crime laboratory for analysis. The evidence was analyzed, re-wrapped, and returned to the Sulphur Police Department. The defendant has alleged no impropriety in this procedure. Therefore, he has shown no deficiency in his attorney’s conduct regarding this item of evidence. This contention is without merit.
9.
Defendant contends his attorney failed to call alibi witnesses at trial. He states these witnesses could have established he was present elsewhere when the offense occurred.
The attorney testified at the motion hearing that the defendant provided him the names of several alleged alibi witnesses prior to trial. Counsel reasoned the criminal transaction for which the defendant was convicted spanned only a short period of time and defendant could not verify his whereabouts the entire day. In addition, the videotape clearly showed the defendant in the commission of the offense, negating any possibility of offering a defense based on alibi. Three State’s witnesses testified defendant purchased the drugs, and defendant admitted at the post trial hearing he was the person shown in the video.
Defendant does not show his counsel’s performance was deficient or he suffered any prejudice as a result of counsel’s failure to call the alleged alibi witnesses. This contention is without merit.
10.
Defendant contends his counsel was ineffective in failing to question Lt. Andrus concerning the laboratory analysis of the cocaine introduced into evidence against the defendant. The defendant does not claim and we do not find any prejudice resulting from this alleged failure.
Defendant claims counsel should have asked Lt. Andrus why the seized cocaine was not immediately forwarded to the crime laboratory and why three months passed before the results of the analysis were received. As discussed previously, the defense stipulated to the chain of custody concerning the cocaine. This stipulation resulted from a review of the record by defense counsel and the absence of any indication of impropriety in the handling or analysis of the evidence. The length of time involved in completing the analysis is not relevant absent indication of impropriety. This contention is without merit.
11.
Defendant contends the attorney was ineffective in failing to visit the crime scene. He claims such a visit would have shown that Lt. Andrus and Officer Crad-dock could not have identified him during the commission of the offense.
Defendant submitted a drawing of an area in Sulphur which he claims is a representation of the crime scene and surrounding area. This drawing does not prove the officers could not have recognized the defendant at the crime scene. The defendant gave the drugs to the undercover agent in the area of the intersection of Alice Street and Maple Street. The officers observed the defendant from one hundred to one hundred fifty feet away, while stationed near the former site of Bertie Atkins Elementary School. Both Andrus and Crad-dock clearly identified defendant from this distance.
*1208 Accordingly, counsel’s failure to visit the site does not represent deficient investigation and did not prejudice the defendant in any manner. This contention is without merit.
12.
Defendant contends his attorney misinformed him concerning the potential sentence for “attempted possession of marijuana.” The defendant raised this issue during his motion hearing.
During the motion hearing, the defendant testified as follows:
“Q. And you said that Mr. Ware wouldn’t let you testify?
A. Yes, sir.
Q. And what did he tell you about the DA?
A. He told me that you wouldn’t let me testify because of my criminal record and that if I did try to just testify that you would have to change the charge from distribution of cocaine to attempted possession of marijuana, from what’s on the film and the first indictment, I mean offense report.
Q. And you said he told you that attempted possession of marijuana is 15 to 30 years.
A. 15 to 30 years.”
Counsel testified he discussed the offense report and charge of distribution of cocaine with the defendant, reviewed the videotape of the cocaine transaction with the defendant, and discussed a proposed plea bargain concerning the distribution charge with the defendant.
Defendant offers no support for his contention that he was told he was being charged with attempted possession of marijuana, or that his attorney ever misled the defendant concerning the possible sentence for the charged offense. Absent such showing, this contention is without merit.
13.
Defendant contends counsel refused to inquire into the conduct of the undercover agent Baker. He raised this claim during his motion hearing. Defendant states he provided his attorney with information relating to an unnamed individual who allegedly smoked cocaine with Agent Baker on the date of the offense. Counsel denied defendant ever mentioned this witness.
Defendant has offered no evidence that such a witness exists or that he ever discussed the existence of such a witness with counsel. Accordingly, the defendant has not proven that counsel was ineffective in failing to obtain the potential testimony or that the defendant was prejudiced in any manner by his attorney’s actions. Defendant could have produced the witness at the hearing on the Motion for New Trial to establish his existence and willingness to testify. This contention is without merit.
POST TRIAL COUNSEL
1.
Defendant contends his post-trial attorney was ineffective because she failed to inform him of his right to file a brief on appeal.
The attorney notified the defendant she was filing an Anders brief by serving a copy of the brief on the defendant. This court informed defendant that he had the right to file a brief in his own behalf. Defendant subsequently submitted multiple briefs which were accepted by this court. Therefore, counsel’s actions did not prejudice defendant in any manner. This contention is without merit.
2.
Defendant contends the attorney did not inform him of the seventy-two hour delay between adjudication as an habitual offender and imposition of sentence. The defendant appeared at the habitual offender proceeding.
During the hearing, the following exchange occurred:
“THE COURT: Very well. The Court finds on the basis of the evidence presented that Jimmie Lee Watson is a habitual offender for the second time, rather a second felony and falls into that category of habitual offender, which is provided for in Section or rather La.R.S. 15:529.1, Al.
*1209 MR. FREY: Your Honor, it’s my understanding at this time that the defendant wishes to waive a 72-hour delay that is provided for by law between this type of a finding and a sentencing.
MS. OUBRE: That is correct, Your Hon- or. I spoke to the defendant earlier this afternoon and he requested that he go ahead and be sentenced.”
Defendant has not shown this statement by defense counsel was incorrect. Further, defendant did not object when his counsel indicated that he wished to waive the delay. This contention is without merit.
3.
Defendant contends counsel made derogatory statements to him and failed to communicate with him. The defendant does not state when these actions occurred and does not claim any specific prejudice resulting from counsel’s alleged actions.
Counsel was appointed to represent the defendant following his conviction. She filed various post-trial motions on the defendant’s behalf and represented the defendant at hearing on the Motion for New Trial, Motion for Post-Verdict Judgment of Acquittal, Habitual Offender Hearing, and at sentencing. She further filed a Motion for Appeal Bond, designated the transcript, and submitted assignments of error for appeal.
Defendant offers no support for his allegations and has not demonstrated any prejudice as a result of the alleged actions. This contention is without merit.
4.
Finally, the defendant contends that the attorney was ineffective in attempting to withdraw from his case. The Anders procedure is the proper method by which counsel may seek to withdraw from a case when counsel believes that an appeal has no merit. This procedure was followed by the attorney in the defendant’s case. Counsel’s actions are consistent with her' ethical responsibilities; and the defendant’s claims have been thoroughly reviewed by this court.
AFFIRMED.