# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 15-286


**STATE OF LOUISIANA**

**VERSUS**

**CHADWICK MCGHEE**


\*\*\*\*\*\*\*\*\*\*

ON REMAND FROM THE
LOUISIANA SUPREME COURT

\*\*\*\*\*\*\*\*\*\*

**SHANNON J. GREMILLION**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Shannon J. Gremillion, Phyllis M. Keaty, and Candyce G. Perret, Judges.


**SENTENCE AFFIRMED.**

**Charles A. Riddle, III**
**District Attorney, Twelfth Judicial District Court**
**Michael F. Kelly**
**Assistant District Attorney**
**P. O. Box 1200**
**Marksville, LA 71351**
**(318) 253-5815**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**Paula C. Marx**
**Louisiana Appellate Project**
**P. O. Box 80006**
**Lafayette, LA 70598-0006**
**(337) 991-9757**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Chadwick McGhee**

**Chadwick McGhee**
**Louisiana State Penitentiary**
**Main Prison - Walnut 4**
**Angola, LA 70712**
**PRO SE**

**GREMILLION, Judge.**

In 2014, Defendant, Chadwick McGhee, was found guilty of simple kidnapping, in violation of La.R.S. 14:45 and was adjudicated a third-felony offender. Defendant was sentenced to life imprisonment without benefit of probation, parole, or suspension of sentence. This court vacated Defendant's conviction due to insufficient evidence. *See State v. McGhee*, 15-285 (La.App. 3 Cir. 11/4/15), 179 So.3d 739, and 15-286 (La.App. 3 Cir. 11/4/15), 178 So.3d 316. The supreme court subsequently reversed that ruling and remanded to this court for consideration of the assignments of error this court's prior rulings had rendered moot. *State v. McGhee*, 15-2140, 15-2141 (La. 6/29/17), ___ So.3d ___.

## ASSIGNMENT OF ERROR

Defendant raises a single assignment of error, that his prior guilty plea to assault by drive-by shooting should not count as a predicate offense for his adjudication as a third-felony offender on the basis that he did not have conflict-free counsel, as his appointed attorney represented both Defendant and his co-defendant in that case. Defendant is precluded from raising this argument on review.

Under La.R.S. 15:529.1(D)(1)(b), "[a]ny challenge to a previous conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence." Although Defendant objected to the use of his prior convictions as predicate offenses during the habitual offender adjudication, his argument was that Defendant was not properly *Boykinized* because he was not informed that he had thirty days within which to file an appeal, and furthermore that there appeared to be some confusion during Defendant's plea to assault by drive-by shooting. At no point in time was there any allusion that Defendant's counsel during the plea had a conflict and could not properly represent Defendant.

As this court has previously noted, "Defendant failed to contemporaneously object to the evidence based on the alleged defect.  Therefore, the error was not preserved for appellate review."  *State v. Watson*, 609 So.2d 1198, 1203 (La.App. 3 Cir. 1992), *writ denied*, 95-1689 (La. 2/21/97), 688 So.2d 530.

**DECREE**

Defendant's sentence is affirmed.

**SENTENCE AFFIRMED.**